**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

2014 JAN -9  PM 3: 2

---

**UNITED STATES OF AMERICA,**
  **Plaintiff,**

**v.**

**EDWIN JURADO-NAZARIO,**
  **Defendant.**

**CRIM. NO. 12-171 (CCC)**

---

**PLEA AGREEMENT**
**IN ACCORDANCE WITH RULE 11(c)(1)(A) & (B)**

**TO THE HONORABLE COURT:**

  The United States of America, by and through the undersigned attorneys, the defendant,

**EDWIN JURADO NAZARIO,** and the defendant's attorney, Peter Diaz-Santiago, Esq. and

Juan F. Matos de Juan, Esq., very respectfully state to this Honorable Court that they have

reached an agreement (the Agreement"), the terms and conditions of which are as follows:

  1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY:**

  The defendant, **EDWIN JURADO NAZARIO,** agrees to plead guilty to **COUNTS**

**ONE, TWO, FOUR** and **SIX** of the Superseding Indictment pending against him and admit the

**FORFEITURE ALLEGATION.** More specifically, the Superseding Indictment charges as

follows:

**COUNT ONE**
**Production/Attempted Production of Child Pornography**
**(Title 18, <u>United States Code</u>, Sections 2251(a) and (e))**

  In or about March, 2011, in the District of Puerto Rico, and
elsewhere within the jurisdiction of this Court,

**EDWIN JURADO-NAZARIO,**

the defendant herein, did employ, use, persuade, induce, entice,
coerce, and attempt to employ, use, persuade, induce, entice, and
coerce a male minor, identified by the initials "PCM," who was
approximately 16 years old at the time, to engage in sexually



Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 2

explicit conduct, namely the lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct and for the purpose transmitting a live visual depiction of such conduct, knowing that such live visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, that is, on or about the date mentioned above, the defendant, **EDWIN JURADO-NAZARIO**, did employ, use, persuade, induce, entice, coerce, and attempt to employ, use, persuade, induce, entice, and coerce PCM to engage in sexually explicit conduct while participating in an Internet Relay Chat Service, known as "ooVoo.com," while the defendant captured still images of such conduct using his HP laptop computer, manufactured in China, and a Toshiba HDD 320GB Hard Drive, bearing serial number Y9SES346S, also manufactured in China, both of which had been mailed, shipped and transported in interstate or foreign commerce. All in violation of Title 18, <u>United States Code</u>, Sections 2251(a) and (e).

## COUNT TWO
### Production/Attempted Production of Child Pornography
### (Title 18, <u>United States Code</u>, Sections 2251(a) and (e))

In or about June, 2011, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

### EDWIN JURADO-NAZARIO,

the defendant herein, did employ, use, persuade, induce, entice, coerce, and attempt to employ, use, persuade, induce, entice, and coerce a male minor, identified by the initials "JMMD," who was approximately 14 years old at the time, to engage in sexually explicit conduct, namely the lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct and for the purpose transmitting a live visual depiction of such conduct, knowing that such live visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, that is, on or about the date mentioned above, the defendant, **EDWIN JURADO-NAZARIO**, did employ, use, persuade, induce, entice, coerce, and attempt to employ, use, persuade, induce, entice, and coerce JMMD to engage in sexually



2

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 3

explicit conduct while participating in an Internet Relay Chat Service, known as "ooVoo.com," while the defendant captured still images of such conduct using his HP laptop computer, manufactured in China, and a Toshiba HDD 320GB Hard Drive, bearing serial number Y9SES346S, also manufactured in China, both of which had been mailed, shipped and transported in interstate or foreign commerce.   All in violation of Title 18, <u>United States Code</u>, Sections 2251(a) and (e).

*   *   *

## <u>COUNT FOUR</u>
### Transportation of a Minor with Intent to Engage in Criminal Sexual Activity
### (Title 18, <u>United States Code</u>, Section 2423(a))

In or about the months of September-October, 2010, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**EDWIN JURADO-NAZARIO,**

the defendant herein, did knowingly transport an individual, who had not attained the age of 18 years, in any commonwealth, territory or possession of the United States, with the intent to engage in sexual activity for which a person could be charged with a criminal offense; to wit, in or about the the dates mentioned above, the defendant, **EDWIN JURADO-NAZARIO,** did transport a 15-year old boy, identified as "EECA," from Junii's Café, located in the Municipality of Ceiba, which is within the Commonwealth of Puerto Rico, to the "Playa de los Machos," which is also located within the Commonwealth of Puerto Rico, with the intent that he engage in sexual activity constituting a criminal offense under Title 33, <u>Laws of Puerto Rico Annotated</u>, Section 4770 (Sexual Assault).   All in violation of Title 18, <u>United States Code</u>, Section 2423(a).

*   *   *



3

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 4

## COUNT SIX
### Transportation of a Minor with Intent to Engage in Criminal Sexual Activity
### (Title 18, <u>United States Code</u>, Section 2423(a))

In or about the month of January, 2011, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**EDWIN JURADO-NAZARIO,**

the defendant herein, did knowingly transport an individual, who had not attained the age of 18 years, in any commonwealth, territory or possession of the United States, with the intent to engage in sexual activity for which a person could be charged with a criminal offense; to wit, in or about the the dates mentioned above, the defendant, **EDWIN JURADO-NAZARIO,** did transport a 14-year old boy identified as "JCS" from the Burger King, located in the Municipality of Ceiba, which is within the Commonwealth of Puerto Rico, to the "Playa de los Machos," which is also within the Commonwealth of Puerto Rico, with the intent that he engage in sexual activity constituting a criminal offense under Title 33, <u>Laws of Puerto Rico Annotated</u>, Section 4772 (Lewd Acts). All in violation of Title 18, <u>United States Code</u>, Section 2423(a).

\*   \*   \*

## FORFEITURE ALLEGATION
### (Title 18, <u>United States Code</u>, Section 2253)

For the purpose of alleging forfeiture, and pursuant to Title 18, <u>United States Code</u>, Section 2253, the allegations of Counts **ONE, TWO** and **THREE** of this Indictment are re-alleged as if fully set forth herein.

If convicted of any the offenses set forth above,

**EDWIN JURADO-NAZARIO,**

the defendant herein, shall forfeit to the United States any and all materials or property used or intended to be used in the possession or production of child pornography. Such property includes, but is not limited to [any item that tested positive for the presence of child pornography].



4

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 5

## 2.      MAXIMUM PENALTIES

The penalty for the offenses charged in **COUNTS ONE** and **TWO** of the Superseding

Indictment (Production of Child Pornography) is a mandatory minimum of **fifteen (15) years**

incarceration and a maximum of **thirty (30)** years incarceration per count, a fine of not more than

Two Hundred Fifty Thousand Dollars ($250,000.00), per count, <u>see</u>, Title 18, <u>United States Code</u>,

Sections 2251(e) and 3571(b)(3), and a term of supervised release of not less than 5 years or life in

addition to any term of incarceration.   <u>See</u>, Title 18, <u>United States Code</u>, §§3559(a)(2) (Class "B"

Felony) and 3583(k) (minor victim).

The penalty for the offenses charged in **COUNTS FOUR** and **SIX** of the Superseding

Indictment (Transportation of a Minor with the Intent to Engage in Criminal Sexual Conduct) is a

mandatory minimum of **ten (10) years** incarceration and a maximum of **LIFE** imprisonment per

count, a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00), per count, <u>see</u>,

Title 18, <u>United States Code</u>, Sections 2423(a) and 3571(b)(3), and a term of supervised release of

not less than 5 years or life in addition to any term of incarceration.   <u>See</u>, Title 18, <u>United States</u>

<u>Code</u>, §§3559(a)(1) (Class "A" Felony) and 3583(k) (minor victim).

## 3.      SPECIAL MONETARY ASSESSMENT

At the time of sentencing, the defendant will pay a special monetary assessment of one

hundred dollars ($100.00) **per count** of conviction, as required by Title 18, <u>United States Code</u>,

Section 3013(a), for a total of **four hundred dollars ($400.00)**.



Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 6

### 4.      FINES AND/OR RESTITUTION

The Court may, pursuant to Section 5E1.2(I) of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered and also the Court may impose restitution.   The defendant agrees to execute a financial statement to the United States (OBD Form 500).   The United States will make no recommendations as to the imposition of fines.

### 5.      RULE 11(c)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the <u>United States Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.   If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.



Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 7

## 6.    ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to the United States Supreme Court decisions in

United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d

621 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively

advisory.

## 7.    SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree that the following Sentencing Guideline

calculations apply to the defendant's conduct with regard to **COUNTS ONE, TWO, FOUR** and

**SIX** of the Superseding Indictment:

**COUNT ONE: (VICTIM #1 "PCM" (16 years old))**

| | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2G2.1(a)] | 32 |
| SPECIFIC OFFENSE CHARACTERISTICS:<br>    U.S.S.G. §2G2.1(b)(1)(B) - The offense involved a minor who had not attained the age of sixteen years. | +0 |
| U.S.S.G. §2G2.1(b)(2)(A) – The offense involved the commission of a sexual act. | +2 |
| U.S.S.G. §2G2.1(b)(6) - Use of a computer to entice or solicit minor to engage in conduct | +2 |
| **TOTAL OFFENSE LEVEL** | **36** |
| Criminal History Category | No Stipulation |



Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 8

## COUNT TWO: VICTIM #2 "JMMD" (14 years old)

| | |
|---|---|
| **BASE OFFENSE LEVEL** [U.S.S.G. §2G2.1(a)] | 32 |
| **SPECIFIC OFFENSE CHARACTERISTICS:**<br>U.S.S.G. §2G2.1(b)(1)(B) - The offense involved a minor who had not attained the age of sixteen years. | +2 |
| U.S.S.G. §2G2.1(b)(6) - Use of a computer to entice or solicit minor to engage in conduct | +2 |
| **TOTAL OFFENSE LEVEL** | 36 |
| Criminal History Category | No Stipulation |

## COUNT FOUR: (VICTIM #3 "EECA" (15 years old))



| | |
|---|---|
| **BASE OFFENSE LEVEL** [U.S.S.G. §2G1.3(a)(3)] | 28 |
| **SPECIFIC OFFENSE CHARACTERISTICS:**<br>U.S.S.G. §2G1.3(a)(3) - The offense involved a minor who had not attained the age of sixteen years. | +2 |
| U.S.S.G. §2G1.3(b)(2) – Defendant unduly influenced the minor victim | +2 |
| **TOTAL OFFENSE LEVEL** | 32 |
| Criminal History Category | No Stipulation |

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 9

## COUNT SIX: (VICTIM #4 "JCS" (15 years old))

| | |
|---|---|
| **BASE OFFENSE LEVEL** [U.S.S.G. §2G1.3(a)(3)] | 28 |
| **SPECIFIC OFFENSE CHARACTERISTICS:** <br> U.S.S.G. §2G1.3(a)(3) - The offense involved a minor who had not attained the age of sixteen years. | +2 |
| U.S.S.G. §2G1.3(b)(2) – Defendant unduly influenced the minor victim | +2 |
| **TOTAL OFFENSE LEVEL** | **32** |
| Criminal History Category | No Stipulation |



| SUMMARY OF GUIDELINE CALCULATION | |
|---|---|
| Highest Guideline Range | 36 |
| U.S.S.G. §3D1.4 – Non-grouping of multiple counts | +4 |
| U.S.S.G. §3E1.1(b) – Acceptance of Responsibility | -3 |
| **TOTAL OFFENSE LEVEL** | **37 <br> (210-262)** |
| Criminal History Category | No Stipulation |



## 8.   SPECIFIC SENTENCE RECOMMENDATION

In exchange for pleading guilty to **COUNTS ONE, TWO, FOUR** and **SIX** of the Superseding Indictment, and admitting the **FORFEITURE ALLEGATION**, the United States agrees to allow the defendant to argue for a variant sentence of incarceration as low as 15 years (180 months), based on any of the Section 3553 factors.   The United States, meanwhile, reserves the right to argue for a sentence of incarceration up to 235 months (19.5 years), which is

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 10

approximately the middle of the above mentioned guideline range.   The defendant nevertheless agrees to waive his right to appeal the judgment and sentence as long as the Court imposes a sentence between 180 months and 262 months, which is within or below the applicable guideline range.   Then, at sentencing the United States will dismiss **COUNTS THREE, FIVE, SEVEN & EIGHT** of the Superseding Indictment.

**9.     NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties.   Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is a reasonable sentence.

**10.     NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

**11.     DISMISSAL OF REMAINING COUNTS**

At sentencing the United States agrees to dismiss **COUNTS THREE, FIVE, SEVEN & EIGHT** of the Superseding Indictment.

**12.     SATISFACTION WITH COUNSEL**



The defendant represents to the Court that he is satisfied with his legal counsel, Peter Diaz-Santiago, Esq. and Juan F. Matos de Juan, Esq., and further indicates that Messrs. Diaz-Santiago and Matos de Juan, Esq., have rendered effective legal assistance.

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 11

### 13.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein.   Defendant understands that the rights of criminal defendants include the following:

a.   If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.   If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.   The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.   If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.   At trial, the United States would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence in defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.   At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify.   If the defendant desired to do so, the defendant could testify in his own behalf.

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 12

### 14.   STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement.   The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15.   LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant.   It does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, nor is it bound by the advisory sentencing guidelines calculations, any stipulations, or any sentence recommendations.

### 16.   ENTIRETY OF PLEA AGREEMENT

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel.   The United States has made no promises or representations except those set forth in writing in this Plea Agreement.   The United States further denies the existence of any other terms or conditions not stated herein.

### 17.   AMENDMENTS TO PLEA AGREEMENT



No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 13

### 18.    WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences the defendant according to its terms, conditions and recommendations, which includes any sentence between 180 months incarceration and 262 months incarceration, which is below or within the applicable guidelines, the defendant then waives and permanently surrenders his right to appeal the judgment and sentence in this case.

### 19.    VOLUNTARINESS OF GUILTY PLEA

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

### 20.    IMPACT UPON CONVICTION

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, United States Code, Section 2250 and Title 42, United States Code, Section 16913.   As a registered Sex Offender,



13

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 14

defendant further understands that his status as a convicted sex offender, and related information,

will be made public.  Defendant further acknowledges that he may or may not be required to

register for life.


**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY


José A. Ruiz Santiago
Assistant United States Attorney
Chief, Criminal Division

Edwin Jurado-Nazario
Defendant
Dated:


**Timothy Henwood**
Assistant United States Attorney
Chief, White Collar Crimes Unit

Peter Diaz-Santiago, Esq.
Counsel for Defendant
Dated: 1/9/15


**Marshal D. Morgan**
Assistant United States Attorney
Dated: November 11, 2014

**Juan F. Matos de Juan, Esq.**
Counsel for Defendant
Dated: _____

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 15

I hereby certify that I have consulted with my attorney and I fully understand all my rights with respect to the Superseding Indictment pending against me.   I also fully understand my rights with respect to the provisions of the Sentencing Guidelines, as well as the Policy Statements, Application, and Background Notes which may apply in my case.   I have also read and carefully reviewed each and every part of this Plea Agreement with my attorney and I freely and voluntarily agree to it.

Date: ___1 | 9 | 15___                    _____
                                          **Edwin Jurado-Nazario,**
                                          Defendant

I hereby certify that I am the attorney for the defendant and I have carefully reviewed every part of this Plea Agreement with my client.   I also certify that I have fully explained to my client his rights with respect to the pending Superseding Indictment, including the provisions of the Sentencing Guidelines, and the Policy Statements, Application, and Background Notes that may apply in this case.   I have also fully explained to him those provisions of the guidelines which may apply in this case.   I have also explained to my client the advisory nature of the <u>Sentencing Guidelines</u>.   To my knowledge, the defendant is entering into this Agreement voluntarily, intelligently and with full knowledge of all the consequences of his plea of guilty.

Date: ___1 | 9 | 15___                    _____
                                          **Peter Díaz-Santiago, Esq.**
                                          Counsel for Defendant

Date: _____                   _____
                                          **Juan F. Matos de Juan, Esq.**
                                          Counsel for Defendant

15

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 16

<h1 align="center"><u>GOVERNMENT'S VERSION OF FACTS</u></h1>

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure.   In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Superseding Indictment remain ready and available to testify.   If this case had gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Indictment, including the following specific facts:

On September 27, 2011, Homeland Security Investigations (HSI), San Juan, Puerto Rico, Cyber Crimes Group received information from the Puerto Rico Police Department Sexual Crimes Division, located in Fajardo, Puerto Rico, that the defendant, Edwin JURADO-Nazario, had committed sexual aggression against a sixteen year-old male minor.

Based in part on that information, agents from HSI obtained a search warrant for JURADO-Nazario's home, which they executed on September 29, 2011.   During the execution of the search warrant, HSI Agents interviewed Jurado-Nazario during which he provided the following information:

- That he was at that time a Sergeant in the United States Army Reserves.
- That for the past 15 years, he has been an active member of the Naval Sea Cadet Corps, located in Ceiba, Puerto Rico.
- That as of September 2012, he was in charge of organizing training courses for the NSCC in Ceiba.
- That until shortly before his interview with Federal agents, he was the co-owner, together with his father, of a cafeteria in Ceiba known as Junii's Café.

During the execution of the search warrant, Federal agents seized several pieces of digital media, including an HP laptop computer, manufactured in China, a Toshiba 320GB HDD, bearing serial number Y9SES346S, also manufactured in China, and an Apple iPhone, manufactured outside of Puerto Rico, each of which were submitted for forensic examination.   The initial results of the examination were positive for the presence of child pornography.   Some of the images however appeared to be produced by the defendant, but at that time the exact identities of the minors were not known.

In an effort to identify the minors whose photos were found on the defendant's computers and iPhone, agents interviewed again the minor EECA.   With his assistance, the agents were



16

Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 17

able to identify one minor male known as JMMD, who turned out to be 16 years old.   The images found on the defendant's computer included an apparent screen shot of an Internet Relay Chat session involving both the defendant and JMMD.   The Internet Chat Relay program that the defendant and JMMD used was known as "ooVoo.com."   Through ooVoo.com, participants can have real time video conferencing where each person can see the other on their respective computer screens.   In one such video conference that took place in or around June 2011, the defendant and JMMD simultaneously masturbated themselves while participating in the live chat session, screen shots of which were found on the defendant's laptop computer and iPhone. When JMMD was later interviewed by Federal agents, he admitted that he was approximately 14 years old at the time of that ooVoo.com chat session with the defendant.     These facts serve as the basis for Count Two of the Superseding Indictment.

With EECA's assistance, Federal Agents were able to identify another 16-year-old male minor, identified as PCM, whose images were found on the defendant's computer and iPhone. PCM and the defendant also participated in ooVoo.com chat sessions, during which each masturbated while transmitting the images live via the Internet.   At least one of those sessions was captured in screen shots on the defendant's laptop computer.   These facts serve as the basis for Count One of the Superseding Indictment.

As the investigation into the minors whose photos were found on the computer and iPhone of the defendant continued, Agents from the Cyber Crimes Group realized that there might be federal jurisdiction after all for the sexual assault that the minor EECA spoke about. Accordingly, agents interviewed EECA again regarding an event the occurred during the months of September-October, 2010, wherein the defendant transported EECA, when he was 15 years old, from Junii's Café, which is located in the Municipality of Ceiba, which is within the Commonwealth of Puerto Rico, to the "Playa de los Machos," which is also located within the Commonwealth of Puerto Rico, with the intent to engage in sexual activity constituting a criminal offense under the Laws of Puerto Rico.   The minor stated that they went to the "Playa de los Machos" with the specific intent to engage in sexual conduct because it was dark and very secluded.   These facts serve as the basis for Count Four of the Superseding Indictment.

Agents also had the occasion to interview another minor, known by the initials JCS, who in or about the month of January, 2011, said that the defendant knowingly transported him when he was 14 years old from the Burger King, located in the Municipality of Ceiba, which is within the Commonwealth of Puerto Rico, to the "Playa de los Machos," which is also within the Commonwealth of Puerto Rico, with the intent that he engage in criminal sexual activity under the Laws of Puerto Rico.   These facts serve as the basis for Count Six of the Superseding Indictment.



Plea Agreement
*United States v. Edwin Jurado-Nazario*
Crim. No. 12-171 (CCC)
Page 18

    Had this case gone to trial, the United States would have proven the aforementioned facts through the presentation of witness testimony, the testimony of a digital forensic agent, and both video and documentary evidence.

**Marshal D. Morgan**
Assistant United States Attorney
Dated:   January 9, 2015

**Edwin Jurado-Nazario**
Defendant
Dated:

**Peter Diaz-Santiago, Esq.**
Counsel for Defendant
Dated: 1 / 8 / 15

**Juan F. Matos de Juan, Esq.**
Counsel for Defendant
Dated:

18