IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

        v.

EDWIN JURADO-NAZARIO,

        Defendant.

CRIMINAL NO. 12-171 (CCC)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

### I.    Procedural Background

On October 18, 2012 defendant Edwin Jurado-Nazario was charged in a multi-count superseding indictment. He agrees to plead guilty to Counts One, Two, Four, and Six.

Counts One and Two both charge that, during March and June 2011, respectively, Mr. Jurado did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using a mobile phone which had been mailed, shipped, or transported in interstate or foreign commerce, all in violation of 18 U.S.C. § 2251(a). Counts Four and Six both charge that during September-October, 2010, and January 2011, respectively, the defendant knowingly transported within the Commonwealth of Puerto Rico a person who had not reached 18 years of age with the intent to engage in sexual activity constituting a criminal offense, in violation of 18 United States Code, Section 2423(a). The indictment also names the defendant in a forfeiture allegation brought under 18 U.S.C. §2253.

Defendant appeared before me on January 9, 2015, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

USA v. Edwin Jurado Nazario                                                          Page 2
**Crim. No. 12-171 (CCC)**
**Report and Recommendation on Guilty Plea**

## II.      Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1]  He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.  He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.  He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge.  The defendant then voluntarily consented to proceed before a magistrate judge.

## III.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.      Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his counsel and was satisfied with the advice and representation he received.   The court further inquired whether defendant's counsel or

---

[1]   The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

**USA v. Edwin Jurado Nazario**                                                   Page 3
**Crim. No. 12-171 (CCC)**
**Report and Recommendation on Guilty Plea**

counsel for the government had any doubt as to his capacity to plead, receiving answers from both

that the defendant was competent to enter a plea.  After considering the defendant's responses, and

observing his demeanor, a finding was made that Mr. Jurado was competent to plead and fully aware

of the purpose of the hearing.

> **B.**      **Maximum Penalties and Consequences of Guilty Plea**

Upon questioning, the defendant expressed his understanding of the maximum penalties

prescribed by statute for the offenses to which he was pleading guilty: as to both Counts One and

Two, a minimum term of imprisonment of fifteen years and a maximum of 30 years; as to both

Counts Four and Six, a minimum term of imprisonment of ten years, and a maximum of life in

prison. The defendant was also advised that all four counts carry a fine of not more than

$250,000.00, and a supervised release term of at least five years and up to life, and a Special

Monetary Assessment of $100.00, per count.  The defendant was further informed that his plea of

guilty could result in the forfeiture of the property involved in the offenses, and that he would be

required to register as a sex offender under applicable law. The defendant indicated that he

understood the maximum penalties.

> **C.**      **Plea Agreement**

Mr. Jurado was shown a written plea agreement and a supplement to the plea agreement

(together, "Plea Agreement"),  and identified his initials and his signatures. He confirmed that he had

the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that his

attorney explained and translated it, that it represented the entirety of his understanding with the

government, that he understood its terms, and that no one had made any other or different promises

or assurances to induce him to plead guilty.  The defendant was then admonished, pursuant to Fed.

R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are

merely recommendations to the court, and that the district judge who will preside over the sentencing

hearing can reject the recommendations without permitting the defendant withdraw his guilty plea,

and impose a sentence that is more severe than the defendant might anticipate.

**USA v. Edwin Jurado Nazario**                                                        Page 4
**Crim. No. 12-171 (CCC)**
**Report and Recommendation on Guilty Plea**

The defendant was specifically informed that any sentencing recommendations were not binding for the sentencing court, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that, under some circumstances, he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the plea agreement contains a waiver of appeal under circumstances outlined therein. After being so informed, the defendant confirmed that he voluntarily waived his right to appeal his sentence and conviction provided the court accepts his Plea Agreement and sentences him according to its terms, conditions, and recommendations.

**D.    Waiver of Constitutional Rights**

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.  He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

USA v. Edwin Jurado Nazario                                                                          Page 5
**Crim. No. 12-171 (CCC)**
**Report and Recommendation on Guilty Plea**

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained. The defendant's attorney attested that he explained these rights to his client and believed that the defendant understood his explanations. The defendant also waived his right to be prosecuted by means of an indictment and agreed to prosecution by means of an information.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of his guilty plea.

### E.    **Factual Basis for the Guilty Plea**

Defendant was read in open court Counts One, Two, Four, and Six and provided an explanation of the elements of the offenses. The meaning of terms used in the indictment was explained.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged in Counts One, Two, Four, and Six and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and, subject to certain exceptions that did not effect the elements of the offenses, admitted to the government's submission as to the evidence which could have been presented at trial.

### F.    **Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any

**USA v. Edwin Jurado Nazario**                                                       Page 6
**Crim. No. 12-171 (CCC)**
**Report and Recommendation on Guilty Plea**

promises in exchange for his guilty plea.   Throughout the hearing the defendant was able to consult
with his attorney.

## IV.   Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of
Criminal Procedure, and entered a plea of guilty as to Counts One, Two, Four, and Six of the
superseding indictment. The defendant also agreed to the forfeiture allegation as to certain items
specified in the Plea Agreement.

After cautioning and examining the defendant under oath and in open court concerning each
of the subject matters mentioned in Rule 11, I find that the defendant, Edwin Jurado-Nazario, is
competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum
statutory penalties that it carries, understands that the charge is supported by evidence and a basis
in fact, has admitted to the elements of the offenses and has done so in an intelligent and voluntary
manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the
court accept the guilty plea and that the defendant be adjudged guilty as to Counts One, Two, Four,
and Six of the superseding indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d)
of the Local Rules of this Court. Any objections to the same must be specific and must be filed with
the Clerk of Court within fourteen (14) days of its receipt.   Failure to file timely and specific
objections to the report and recommendation is a waiver of the right to review by the district court.
United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing has been set for April 14, 2015 at 4:15 p.m. before District Judge
Carmen Cerezo.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 9th day of January, 2015.


*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge